**THE PEOPLE OF THE TERRITORY OF GUAM**

v.

**ANTONIO S. CHARGUALAF, Defendant**

Criminal Case No. 216F-78

Superior Court of Guam

November 16, 1978

ABBATE, *Presiding Judge*

DECISION AND ORDER

This matter came before the Court on defendant's Motion to Dismiss. The motion was heard on November 16, 1978, and decision was reserved.

Defendant's motion to dismiss the indictment is based on the theory that it was brought by the Government as a punitive measure after they were unable to coerce him from exercising his constitutional and statutory rights in Criminal Case No. 191F-78 (1 Guam R. 573). The Court finds this argument unpersuasive.

In *Bordenkircher v. Hayes*, 98 S.Ct. 663 (1978), the U.S. Supreme Court addressed the issue of prosecutor's threats to reindict defendants made during the course of plea bargaining. The Supreme Court stated "while confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas' [citations omitted]," 98 S.Ct. at 668.

The Court finds no significant difference between the *Bordenkircher* case and the instant case. The Court further notes that the case of *United States v. Andrews*, 444 F.Supp. 1238 (1978), upon which the defendant heavily relies, did not involve a plea bargaining situation.

Defendant's Motion to Dismiss is therefore hereby DENIED.

SO ORDERED.